*Appeal No. 12-55061*

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

MARWAN MOHTADI, individually and on behalf of himself and all others similarly situated,

*Plaintiff-Appellant,*

vs.

PROVIDENT FUNDING ASSOCIATES, L.P., et al.,

*Defendant-Appellee.*

---

On Appeal From the United States District Court
for the Central District of California
Hon. Honorable Gary Allen Fees
Case No. CV-11-03735 GAF (AGRx)

---

# ANSWERING BRIEF OF DEFENDANT-APPELLEE

---

Neil R. O'Hanlon (Bar No. 67018)
Asheley G. Dean (Bar No. 245504)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile:  (310) 785-4601
neil.ohanlon@hoganlovells.com
asheley.dean@hoganlovells.com

Attorneys for Defendant-Appellee
PROVIDENT FUNDING
ASSOCIATES, L.P.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure,

Defendant-Appellee Provident Funding Associates, L.P. certifies that it is a limited

partnership and has no parent corporation, and that no publicly held corporation

owns 10% or more of its stock, or other interest in it.


Respectfully submitted,

Dated:  December 13, 2012                    HOGAN LOVELLS US LLP


By:  /s/ Neil R. O'Hanlon
      Neil R. O'Hanlon
      Asheley G. Dean
      Attorneys for Defendant-Appellee
      Provident Funding Associates, L.P.

1

# TABLE OF CONTENTS

I.    JURISDICTIONAL STATEMENT .................................................1

II.   STATEMENT OF ISSUES ...........................................................1

III.  STATEMENT OF THE CASE ......................................................3

IV.   STATEMENT OF FACTS ...........................................................6

    A.   Plaintiff's Confusing And Contradictory Allegations Of Fact ............6

    B.   Judicially Noticed Official Records Help To Explain The Facts ........8

V.    SUMMARY OF THE ARGUMENT ...........................................10

VI.   ARGUMENT ...........................................................................13

    A.   Standard Of Review .......................................................13

        1.   Order granting motion to dismiss and order dismissing case for lack of subject matter jurisdiction – *de novo* review .........................................................................13

        2.   Remaining orders reviewed for abuse of discretion .................14

    B.   Plaintiff's Opening Brief Is Replete With Procedural And Substantive Errors, And Evidences Disregard For Applicable Appellate Rules .................................................................15

        1.   Plaintiff failed to include in the Excerpts of Record documents which are necessary to the resolution of an issue on appeal .......................................................16

        2.   Section G of the Opening Brief is fatally incomplete, and the arguments therein should be waived ..................................17

    C.   The District Court Correctly Concluded That Plaintiff Cannot State A Claim Against Provident Funding For Violation Of RESPA

        1.   There was no assignment, sale or transfer of servicing of the Homecomings loan necessary to trigger RESPA notice requirements ...............................................18

i

2.      Plaintiff did not and cannot sufficiently plead actual damages for violation of RESPA ............................................... 20

3.      Plaintiff is not entitled to statutory damages for violation of RESPA ................................................................................. 22

D.      The District Court Properly Found That Because Provident Funding Is Not A Debt Collector, Plaintiff Failed To State A Claim For Violation Of The FDCPA .................................... 23

E.      The District Court Did Not Err When It Concluded That Plaintiff Cannot State A Claim For Violation of the Federal Credit Reporting Act .......................................................... 27

1.      Plaintiff does not take issue with the district court's finding that Provident Funding is not a consumer reporting agency subject to liability under 15 U.S.C. § 1681e .......................................................................... 28

2.      Plaintiff concedes that there is no private right of action under 15 U.S.C. § 1681s-2(a) .................................. 30

3.      Plaintiff did not plead a violation of 15 U.S.C. § 1681s-2(b) ............................................................................. 31

F.      The District Court Acted Well Within Its Discretion When It Took Judicial Notice of the Publicly Recorded, Official Records ........................................................................... 33

G.      The District Court Did Not Abuse Its Discretion By Dismissing The Case In Its Entirety As The Court Lacked Subject Matter Jurisdiction Over Plaintiff's Remaining State-Law Claims ............... 37

H.      District Court Did Not Abuse Its Discretion In Awarding Sanctions Against Plaintiff For His Bad Faith, Unreasonable And Vexatious Conduct ................................................... 39

1.      Sanctions were proper ............................................ 39

2.      The amount of sanctions were reasonable ............... 43

VII.    CONCLUSION ............................................................ 44

\\LA - 098259/000076 - 1046541 v5

STATEMENT OF RELATED CASES ...................................................................45

CERTIFICATE OF COMPLIANCE.......................................................................46

\\LA - 098259/000076 - 1046541 v5

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. United Financial Mortgage Corp.*,
    660 F. Supp. 2d 1089 (N.D. Cal. 2009)...............................................................34

*Amaral v. Wachovia Mortgage Corp.*,
    692 F. Supp. 2d 1226 (E.D. Cal. 2010).......................................................20, 21

*Business Guides, Inc. v. Chromatic Comm. Enterprises, Inc.*,
    498 U.S. 533 (1991)..............................................................................................40

*Caballero v. Ocwen Loan Servicing*,
    No. C-09-01021 RMW, 2009 WL 1528128 (N.D. Cal. May 29, 2009) ......24, 25

*Caravantes v. California Reconveyance Co.*,
    No. 10CV1407, 2010 WL 4055560 (S.D. Cal., Oct. 14, 2010) ..........................21

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002) ............................................................................14

*Cooter v. Hartmarx Corporation*,
    496 U.S. 384 (1990).......................................................................................14, 40

*Corrie v. Caterpillar, Inc.*,
    503 F.3d 974 (9th Cir. 2007) ..............................................................................14

*Davis v. Powell*,
    No. 10CV1891-CAB RBB, 2012 WL 4754688 (S.D. Cal., Oct. 4, 2012).........31

*Garcia v. Wachovia Mortgage Corp.*,
    676 F. Supp. 2d 895 (C.D. Cal. 2009).........................................................20, 21

*Gonzalez v. Ocwen Fin. Services, Inc.*,
    No. C03-04592 HRL, 2003 WL 23939563 (N.D. Cal. Dec. 2, 2003) ...............32

*Gray v. Hernandez*,
    651 F. Supp. 2d 1167 (S.D. Cal. 2009)...............................................................32

*Greenwood v. FAA*,
    28 F.3d 971 (9th Cir.1994) .................................................................................18

iv

*Harman v. Appel*,
  211 F.3d 1172 (9th Cir. 2000) ..........................................................................15

*Hedman v. Aurora Loan Services,*
  No. 2:10-CV-01229, 2010 WL 3784170 (E.D. Cal. Sept. 27, 2010).....28, 29, 30

*Hotel Employees And Restaurant Employees Local 2 v. Vista Inn Management Co.*,
  393 F. Supp. 2d 972 (N.D. Cal. 2005)..............................................................34

*In re Broderbund/Learning Company Securities Litigation*,
  294 F.3d 1201 (9th Cir. 2002) ....................................................................13, 14

*Kirshner v. Uniden Corp. of America*,
  842 F.2d 1074 (9th Cir. 1988) ..........................................................................16

*Kottle v. Northwest Kidney Centers*,
  146 F.3d 1056 (9th Cir. 1998) ..........................................................................34

*Lahiri v. Universal Music and Video Distribution Corp.*,
  606 F.3d 1216 (9th Cir. 2010) ....................................................................15, 43

*Lal v. American Home Servicing, Inc.*,
  680 F. Supp. 2d 1218 (E.D. Cal. 2010).............................................................20

*Leadsinger, Inc. v. BMG Music Publishing*,
  512 F.3d 522 (9th Cir. 2008) .....................................................................passim

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ............................................................................35

*Lloyd v. Schlag,*
  884 F.2d 409 (9th Cir. 1989) ............................................................................42

*Mansour v. Cal-Western Reconveyance Corp.*,
  618 F. Supp. 2d 1178 (D. Ariz. 2009) ..............................................................24

*Manu v. National City Bank of Indiana*,
  471 Fed. Appx. 101 (3rd Cir. 2012) ...........................................................19, 22

*Maves v. First Horizon Home Loans*,
  461 Fed. Appx. 636 (9th Cir. Dec. 15, 2011) ..............................................34, 36

v

*Mitchell v. First Nat'l. Bank of Dozier,*
505 F. Supp. 176 (M.D. Ala. 1981) ...................................................................29

*Nool v. HomeQ Servicing,*
653 F. Supp. 2d 1047 (E.D. Cal. 2009) .......................................................24, 25

*Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,*
210 F.3d 1112 (9th Cir. 2000) ...................................................................41, 42

*Pedersen v. Greenpoint Mortgate Funding, Inc.,*
No. CIV S-11-0642 KJM, 2011 WL 3818560 (E.D. Cal. Aug. 29, 2011).........30

*Redd v. Lambert,*
674 F.2d 1032 (5th Cir. 1982) ...................................................................38

*Rush v. Macy's New York, Inc.,*
775 F.2d 1554 (11th Cir. 1985) ...................................................................28, 29

*Shales v. General Chauffeurs,*
557 F.3d 746 (7th Cir. 2008) ...................................................................43

*Shepherd v. American Home Mortgage Services Inc.,*
No. CIV 209-1916 WBS GGH, 2009 WL 4505925 (E.D. Cal., Nov. 20, 2009) ...................................................................20

*Smith v. Lenches,*
263 F.3d 972 (2001)...................................................................15, 37, 38

*Smith v. Ricks,*
31 F.3d 1478 (9th Cir. 1994) ...................................................................40, 42

*Steckman v. Hart Brewing Inc.,*
143 F.3d 1293 (9th Cir. 1998) ...................................................................23, 27, 30

*Stengel v. Medtronic,*
676 F.3d 1159 (9th Cir. 2012) ...................................................................33

*Sullivan v. Dollar Tree Stores,*
623 F.3d 770 (9th Cir. 2010) ...................................................................17

*U.S. v. Blodgett,*
709 F.2d 608 (9th Cir. 1983) ...................................................................42

\\LA - 098259/000076 - 1046541 v5

*U.S. v. Chapel*,
  41 F.3d 1338 (9th Cir. 1994) ............................................................14

*U.S. v. Hinkson*,
  585 F.3d 1247 (9th Cir. 2009) ..........................................................15

**STATUTES**

12 U.S.C. § 2605(b) ............................................................................19

12 U.S.C. § 2605(c) ............................................................................19

12 U.S.C. § 2605 (c)(l), c(2)(A)........................................................26

12 U.S.C. § 2605(f)(1)(A) ..................................................................20

12 U.S.C. § 2605(f)(1)(B) ..................................................................22

15 U.S.C. § 1681e ...............................................................................28

15 U.S.C. § 1681a(f) ..........................................................................28

15 U.S.C. § 1681e ...............................................................................30

15 U.S.C. § 1681e(b) ...................................................................passim

15 U.S.C. § 1681s ...............................................................................31

15 U.S.C. § 1681s-2(a) ................................................................passim

15 U.S.C. § 1681s-2(b) ................................................................passim

15 U.S.C. § 1692(a)(6)(F)..................................................................26

15 U.S.C. § 1692a(6)(F) ...............................................................24, 25

18 U.S.C. § 472....................................................................................8

18 U.S.C. § 473....................................................................................8

18 U.S.C. § 474....................................................................................8

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1331 .............................................................................1, 37

vii

28 U.S.C. § 1343(a)(3)...................................................................................38

28 U.S.C. § 1367(a) ......................................................................................37

28 U.S.C. § 1367(c) ......................................................................................37

28 U.S.C. § 1367(c)(3)...................................................................................38

28 U.S.C. § 1927 ....................................................................................passim

Gov. Code § 8200 ...........................................................................................7

U.S.C. § 1681s-2(d) ......................................................................................31

**OTHER AUTHORITIES**

F.R.C.P. 11(b) ...............................................................................................40

F.R.C.P. 12 ....................................................................................................38

F.R.E. 201(e) .................................................................................................36

F.R.E., Rule 201(b) .......................................................................................33

F.R.E., Rule 201(c)(2).....................................................................................33

Fed. R. App. P. 32(a)(5).................................................................................46

Fed. R. App. P. 32(a)(6).................................................................................46

Fed. R. App. P. 32(a)(7)(B) ...........................................................................46

Fed. R. App. P. 32(a)(7)(B)(iii) .....................................................................46

Federal Rules of Civil Procedure, Rule 11 .............................................12, 39

Federal Rules of Civil Procedure, Rule 12(h)(3)............................................38

Federal Rules of Evidence, Rule 201.......................................................14, 33

Federal Rules of Evidence, Rule 201(e) ........................................................36

Ninth Circuit Rule 28-2.6 ..............................................................................45

Ninth Circuit Rule 30-1.4 ..............................................................................16

\\LA - 098259/000076 - 1046541 v5

Ninth Circuit Rule 30-1(c)(ii) .................................................................33

Rule 11 .................................................................................passim

Rule 12(b)(6) .................................................................13, 31, 32, 35

Rule 30-1 ...............................................................................17

Rule 30-1.4 (a)(xi) ...................................................................16

Rule 30-1.4 (c)(ii) ...................................................................17

Rule 30-2 ...............................................................................17

\\LA - 098259/000076 - 1046541 v5

# I.    JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's Excerpts of Record ("ER") 69 (¶ 15).  The current appeal is from a final Order Dismissing Case, filed on February 2, 2012.  Defendant-Appellee's Supplemental Excerpts of Record ("SER") 146.  The Order Dismissing Case followed an Order Re: Motions to Dismiss, filed on December 22, 2011.  ER2.  Plaintiff-Appellant Marwan Mohtadi ("Plaintiff") filed a notice of appeal on January 5, 2012.  ER1. This Court has jurisdiction under 28 U.S.C. § 1291.

# II.    STATEMENT OF THE ISSUES

A. Whether the district court properly dismissed, without leave to amend, Plaintiff's Ninth and Tenth Causes of Action against Defendant-Appellee Provident Funding Associates, L.P. ("Provident Funding") for violation of the Real Estate Settlement Procedures Act ("RESPA"), because there was no assignment, sale, or transfer of the servicing of a loan to trigger RESPA notice requirements and because Plaintiff cannot allege damages as required under RESPA.

B. Whether the district court properly dismissed, without leave to amend, Plaintiff's First Cause of Action against Provident Funding for violation of the Federal Debt Collection Practices Act ("FDCPA") because Provident Funding is not a debt collector within the meaning of the FDCPA.

1

C. Whether the district court properly dismissed, without leave to amend, Plaintiff's Second Cause of Action for violation of the Fair Credit Reporting Act ("FCRA"), because:

    i.   Provident Funding is not a credit reporting agency within the meaning of the FCRA;

    ii.   There is no private right of action for violations of 15 U.S.C. § 1681s-2(a); and

    iii.   Plaintiff did not state a claim for violation of 15 U.S.C. §1681s-2(b).

D. Whether the district court abused its discretion by taking judicial notice of official, publicly-recorded records that are not reasonably subject to dispute.

E. Whether the district court abused its discretion by declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismissing the entire case where:

    i.   Plaintiff's federal claims failed as a matter of law and were properly dismissed;

    ii.   Plaintiff invoked only federal question jurisdiction and not any other viable basis for jurisdiction; and

    iii.   Plaintiff failed to respond to the district court's order to show cause why the case should not be dismissed, in its entirety, for lack of subject matter jurisdiction.

\\LA - 098259/000076 - 1046541 v5

F.  Whether the district court abused its discretion by issuing sanctions against Plaintiff for his bad faith, unreasonable and vexatious conduct in connection with the filing of an improper and untimely *ex parte* application (for an extension of time to oppose the motions to dismiss), which unduly prejudiced Provident Funding.

## III.    STATEMENT OF THE CASE

On August 12, 2011, Plaintiff filed a first amended putative class action complaint ("First Amended Complaint") in the United States District Court, Central District of California against Homecomings Financial, LLC ("Homecomings"), Provident Funding, Notary Neighbors, Spirat Panapol, Alycia Kheiom Arjaree, and Neighborhood Real Estate Salutations alleging violations of the FDCPA, the FRCA, RESPA, and California statutory and common law in connection with a series of events involving one or more mortgage loans procured by Plaintiff.[1]  ER65-108.

Homecomings and Provident Funding moved to dismiss the First Amended Complaint.  ER114 (Docket Nos. 24; 26).  Provident Funding requested dismissal

---

[1] Plaintiff filed his original complaint on April 29, 2011.  ER111 (Docket No.1). Provident Funding moved to dismiss the complaint on June 13, setting the motion for hearing on July 11.  ER112 (Docket No. 8).  On June 30, Plaintiff filed an untimely opposition to Provident Funding's Motion.  ER112 (Docket No. 11).  On July 5, the Court continued the hearing on Provident Funding's motion to August 1, 2011.  ER113 (Docket No. 13). On July 19, however, Plaintiff successfully moved for leave to amend his complaint.  ER113 (Docket No. 17).

3

for failure to state a claim, or, in the alternative, for a more definite statement. ER29- 64.   On September 27, one day after the day his opposition briefs were due and without complying with *ex parte* application requirements, Plaintiff filed an emergency request for an extension of time to file the briefs.  SER074-075.  Both Provident Funding and Homecomings opposed the request.  ER115 (Docket Nos. 34; 36).  The district court granted Plaintiff's request but issued an order to show cause why Plaintiff should not be ordered to pay, as sanctions, Homecomings' and Provident Funding's costs of opposing Plaintiff's emergency motion ("Order to Show Cause Re Sanctions").  ER26-28.   In connection with the Order to Show Cause Re Sanctions, Provident Funding and Homecomings submitted declarations regarding the fees incurred in connection with Plaintiff's emergency motion. ER24-28.  Plaintiff responded to the district court's Order to Show Cause Re Sanctions.  ER14-20.

On October 21, following the completion of briefing on the motions to dismiss, the district court issued a minute order in which it concluded that the matter was appropriate for resolution without the argument of counsel and vacated the scheduled hearing.  ER116 (Docket No. 47).

Thereafter, on December 22, the district court issued an order granting Provident Funding's and Homecomings' motions to dismiss with respect to Plaintiff's federal claims and dismissing those claims with prejudice ("Order Re:

4

Motions to Dismiss"). ER2-13. The district court held that Plaintiff could not state a claim for violation of (1) RESPA, as "there was…no assignment, sale, or transfer of 'servicing' of [a mortgage] loan, triggering RESPA notice requirements" and Plaintiff could not allege damages; (2) the FDCPA, as Provident Funding is not a debt collector as defined in the statute; and (3) the FCRA, as Provident Funding is not a consumer reporting agency as defined in the statute for purposes of liability under 15 U.S.C. § 1681e(b), there is no private right of action for violations of 15 U.S.C. § 1681s-2(a), and Plaintiff failed to state a claim for violation of 15 U.S.C. § 1681s-2(b). ER2-13.

The district court also ordered Plaintiff to pay to Provident Funding, as sanctions, $1,617.00, which the district court concluded constituted the reasonable costs to Provident Funding of opposing Plaintiff's untimely and improper *ex parte* application for extension of time to file his opposition briefs.[2] ER13. Lastly, the district court ordered Plaintiff to show cause, no later than 5:00 p.m. on January 5, 2012, why the case should not be dismissed in its entirety for lack of subject matter

---

[2] Plaintiff misrepresents in his Opening Brief that the district court sanctioned him for his "good faith attempt to amend his complaint as a matter of rights." Plaintiff's Opening Brief ("O.B."), p. 9. The record demonstrates that the sanctions award had nothing to do with any attempt on Plaintiff's part to amend his complaint, but rather was precipitated only by Plaintiff's filing of his improper *ex parte* application for an extension of time to oppose Defendants' motions to dismiss. ER11-13.

jurisdiction over Plaintiff's remaining California state law causes of action ("Order to Show Cause Re Dismissal"). ER13.

On January 5, 2012, instead of filing a response to the Court's Order to Show Cause Re Dismissal, Plaintiff filed a premature notice of appeal of the Order Re: Motions to Dismiss. ER1. The district court dismissed the case for lack of subject matter jurisdiction on February 2, 2012. SER146.

Following the filing of the notice of appeal, Homecomings filed a notice of filing bankruptcy. ER117 (Docket No. 55). On June 11, 2012, this Court issued an order staying the appellate proceedings as to Homecomings. ER117 (Docket No. 56).

## IV.    STATEMENT OF FACTS

### A. Plaintiff's Confusing And Contradictory Allegations Of Fact

There are numerous factual inaccuracies in the First Amended Complaint, however Plaintiff's allegations of fact were taken as true by the district court in connection with Homecomings' and Provident Funding's motions to dismiss the First Amended Complaint. ER3. Plaintiff alleged the following facts in the First Amended Complaint:

Plaintiff owns the single family home located at 1510 Windermere Court, Palmdale, CA 93551 (the "Property"). ER70 (¶ 21). This action concerns more than 1,000,000 homeowners in the United States. ER70 (¶ 22). Plaintiff

purchased the Property on or about May 19, 2004 and secured financing from Homecomings. ER71 (¶ 23). Without his knowledge Provident Funding then began charging him monthly mortgage payments. ER70 (¶ 24). Provident began doing so in 2004. ER99 (¶ 178). In February 2011, Plaintiff's mortgage payment increased from $971.88 to $2601.83. ER71 (¶ 25). That same month, Plaintiff discovered that loan documents in favor of Provident Funding had been created to pay off the Homecomings loan. ER71 (¶ 28). Upon inquiring about the increase in mortgage payments, Provident Funding told Plaintiff that the increases related to his failure to pay property taxes. ER71 (¶ 29).

In April 2011, Provident Funding gave Plaintiff copies of his loan documents showing that he had refinanced with Provident Funding six months after the Homecomings loan, "a misleading and deceptive notion that Plaintiff refutes undeniably!" ER72 (¶ 32). Plaintiff also alleged that the refinance was somehow improper since the notary used on the Provident loan, Spirat Panopal, resides in Santa Clara County. ER72-73 (¶¶ 33-35)[3].

---

[3] In the Opening Brief, Plaintiff reiterates that "[i]t makes absolutely no common sense why Plaintiff would travel 700 miles to Santa Clara County to sign loan documents in favor of Provident whereas there are hundreds if not thousands [of] Notary Public [sic] in Los Angeles County." O.B., p. 11. This argument appears to be based solely on the fact that the notary's stamp indicates that her oath and bond are on file in Contra Costa County. However, a notary public's commission allows the notary to notarize throughout the State of California, regardless of where her oath and bond are on file. Gov. Code § 8200. In fact, the deed of trust in favor of Provident

7

Plaintiff alleges that Provident Funding claims to be the loan servicer for Homecomings (ER72-73 (¶ 35)), but he also states, "Arguendo, if Provident was lawful lien holder of the Subject Property," then it improperly collected various fees and charges (ER73 (¶ 36)). Provident Funding has violated the Fair Debt Collection Practices Act and the Fair Credit Reporting Act (ER75 (¶ 43)), has forged a security in violation of 18 U.S.C. §§ 472, 473, and 474 (ER75 (¶ 44)), and has violated various state consumer protection laws (ER75-76 (¶ 45)). He further alleges that Homecomings had a duty to inform Plaintiff that it had transferred the servicing of its loan to Provident Funding (ER76 (¶ 47)). Yet, he also alleges that Homecomings failed to inform Plaintiff that its loan had been paid off through a refinance with Provident Funding, which "kept Plaintiff in false light that Provident was the servicer of Plaintiff's loans with Homecomings." (ER76 (¶ 48)).

## B. Judicially Noticed Official Records Help To Explain The Facts

The district court also took judicial notice of the following documents, all recorded in the Official Records of Los Angeles County, on the basis that they "are all matters of public record": (1) a Grant Deed, recorded on April 28, 2003, which conveyed the Property to Plaintiff and Rima Aboudaher; (2) a first Deed of Trust, executed by Plaintiff in favor of Homecomings and recorded on May

---

Funding shows that Plaintiff appeared before Panapol in Los Angeles County to sign the deed of trust. SER056.

28, 2004; (3) a second Deed of Trust, executed by Plaintiff in favor of Homecomings and recorded on May 28, 2004; (4) a Reconveyance for the first May 28, 2004 Deed of Trust, recorded on November 24, 2004; (5) a Reconveyance of the second May 28, 2004 Deed of Trust, recorded on November 24, 2004; (6) a Deed of Trust executed by Plaintiff in favor of Provident Funding, recorded on November 9, 2004; (7) a Deed of Trust executed by Plaintiff in favor of Chase Manhattan Bank, recorded on November 9, 2004; (8) a Grant Deed conveying the Property from Plaintiff to Aboudaher Manazer, recorded on July 6, 2005; and (9) a Quit Claim Deed conveying Property from Aboudaher Manazer to Dobkin Group, LLC., recorded on March 3, 2010.  ER3; SER001-073.

The judicially noticed documents reveal that in May 2004 Plaintiff refinanced the Property, obtaining two loans from Homecomings in the amounts of $176,000 and $33,000. SER007-027; SER029-036; *see also* ER71 (¶ 23). Both loans were secured by deeds of trust on the Property.  SER007-027; SER029-036.  Less than six months later, in November 2004, Plaintiff refinanced the Property again, obtaining two new loans from Provident Funding and Chase Manhattan Bank.  SER044-057; SER059-066; *see also* ER72 (¶ 32).[4]  The

---

[4] Plaintiff denies meeting Panapol or refinancing the senior lien with Provident, though he admits refinancing the junior lien – which also bears Panapol's signature and notary stamp – with Chase.  ER72-73 (¶ 35); SER065.

refinance paid off Homecomings' loans, so Homecomings recorded reconveyances of both of its deeds of trust. SER038-039; SER041-042; *see also* ER76 (¶ 48).

At the time Plaintiff filed suit, he did not hold title to the Property. In July 2005, he conveyed the Property to Aboudaher Manazer. SER068-069 . Manazer, in turn, quitclaimed the Property to Dobkin Group LLC in March 2010. SER071-073.

In addressing certain of the judicially noticed documents, the district court noted that "for the purposes of the present Motions to Dismiss, the Court assumes the truth of Plaintiff's allegations and tests their legal, rather than factual, sufficiency." ER3 (n.1).

## V.    SUMMARY OF THE ARGUMENT

Plaintiff's 18-count First Amended Complaint asserts a host of federal and state law violations allegedly committed by Provident Funding and the other Defendants in connection with a 2004 mortgage loan. ER65-108. Because each and every federal cause of action asserted against Provident Funding is fatally deficient and cannot be saved by amendment, the district court properly dismissed them without leave to amend. ER2-13.

Plaintiff cannot state a claim for violation of the RESPA because he alleged no assignment, sale, or transfer of the servicing of the loan necessary to trigger

10

RESPA notice requirements. Instead, Plaintiff's allegations establish that he paid off a loan made by Homecomings using proceeds from an entirely new loan made by Provident Funding. ER76 (¶ 48); *see also* ER91-94( ¶¶ 124; 134-135; 143). There was no transfer of the servicing of the loan, and no duty to notify the borrower under RESPA. Plaintiff also failed to adequately allege actual or statutory damages under RESPA.

Plaintiff's FDCPA claim fails regardless of whether Provident Funding serviced a loan originated by Provident Funding or by Homecomings because Provident Funding was not a "debt collector" under the statute. To the extent Plaintiff alleges Provident Funding originated the loan, the statutory definition of "debt collector" does not include a lender who originates and services its own loan. To the extent Plaintiff alleges Provident Funding serviced a loan originated by Homecomings, Plaintiffs' allegations establish that the loan was not in arrears until after Provident Funding began servicing it. ER71 (¶¶24-27); ER92 (¶ 130); ER103 (¶ 200). A loan servicer is not a "debt collector" under the FDCPA if it acquired the loan before the borrower was in default.

Plaintiff cannot state a claim for violation of the FCRA because (1) Provident Funding is not a "credit reporting agency" for purposes of liability under 15 U.S.C. § 1681e(b); (2) there is no private right of action under section 1681s-2(a); and (3) Plaintiff failed to state a cause of action for violation of § 1681s-2(b).

The district court did not err in dismissing each of Plaintiff's federal claims without leave to amend.[5]

Plaintiff claims in his opening brief that the district court erroneously took judicial notice of publicly-recorded, official records, *i.e.*, grant deeds, deeds of trust, records of reconveyance and a quitclaim deed in ruling on the motions to dismiss.  O.B., pp. 8, 29-32.  But it is well-established that these types of records may be judicially noticed in connection with a motion to dismiss, and therefore the district court did not abuse its discretion in doing so.

After dismissing Plaintiff's federal claims, the district court correctly determined that it lacked subject matter jurisdiction to entertain Plaintiff's state law causes of action.  ER10-11.   Before dismissing the state law claims, the district court gave Plaintiff the opportunity to show cause why they should not be dismissed due to lack of jurisdiction.  ER11.  Plaintiff did not do so.  SER146.   It was not an abuse of discretion for the district court to decline to exercise jurisdiction over Plaintiff's remaining state law claims.

Finally, the district court did not abuse its discretion by issuing sanctions against Plaintiff pursuant to Federal Rules of Civil Procedure, Rule 11 and 28

---

[5] While Plaintiff does not specify in the "Questions Presented" section of his Opening Brief that the district court erred in not granting him leave to amend, he argues as much on pages 15-18.  Plaintiff, however, does not suggest how he might have amended his causes of action to state viable federal claims.  In any event, the district court correctly concluded that Plaintiff could not amend his causes of action to state a claim upon which relief could be granted.

\\LA - 098259/000076 - 1046541 v5

U.S.C. § 1927 in connection with his and his counsel's improper conduct in connection with an *ex parte* application for an extension of time to respond to Provident Funding's and Homecomings' motions to dismiss. *See* ER11-13. The record supports the district court's conclusion that Plaintiff and his counsel acted in bad faith, and that their actions were unreasonable, vexatious, and prejudicial. ER11-13; ER14-20; ER21-23; ER26-28; SER074-075. Furthermore, the amount of sanctions, which equaled the costs incurred by Provident Funding in opposing Plaintiff's improper application, was reasonable.

For each of these reasons, the district court's Order Re: Motions To Dismiss and Order Dismissing Case should be affirmed.

## VI.    ARGUMENT

### A. Standard Of Review

1. Order granting motion to dismiss and order dismissing case for lack of subject matter jurisdiction – *de novo* review

The Court reviews *de novo* a district court's order granting a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure ("F.R.C.P."), Rule 12(b)(6). *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 526 (9th Cir. 2008); *In re Broderbund/Learning Company Securities Litigation*, 294 F.3d 1201, 1203 (9th Cir. 2002). In doing so, the Court "accept[s] as true all material allegations of the complaint and construe[s] them in the light

13

most favorable to the plaintiff[]." *In re Broderbund*, 294 F.3d at 1203.  Dismissal

for failure to state a claim is proper where "'it appears beyond doubt' that the non-

moving party 'can prove no set of facts which would entitle him to relief.'"

*Leadsinger*, 512 F.3d at 526 (quoting *Vasquez v. L.A. County*, 487 F.3d 1246, 1249

(9th Cir. 2007)).   The Court "may affirm on any basis fairly supported by the

record." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007).

     Dismissal for lack of subject matter jurisdiction is also reviewed *de novo*.

*Corrie*, 503 F.3d at 979.

### 2.   Remaining orders reviewed for abuse of discretion

     The Court reviews for abuse of discretion a district court's order denying

leave to amend a complaint, granting judicial notice, issuing sanctions, and

declining to exercise jurisdiction over remaining state law claims.  *See Leadsinger*,

512 F.3d at 532 ("We review a denial of leave to amend for abuse of discretion.");

*U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (judicial notice pursuant to Fed.

R. Evid. 201 reviewed for abuse of discretion); *Christian v. Mattel, Inc.*, 286 F.3d

1118, 1126 (9th Cir. 2002) ("We review the district court's decision to impose

Rule 11 sanctions – and, if they are warranted, the reasonableness of the actual

amount imposed – for abuse of discretion."); *Cooter v. Hartmarx Corporation*, 496

14

U.S. 384, 405 (1990) (same)[6]; *Smith v. Lenches*, 263 F.3d 972, 977 (2001) (court has discretion to decline to exercise supplemental jurisdiction over state law claims following dismissal of federal claims).

In determining whether the district court abused its discretion, the Ninth Circuit applies a two-part test. Part one of the test is "to determine *de novo* whether the trial court identified the correct legal rule to apply to the relief requested." *U.S. v. Hinkson*, 585 F.3d 1247, 1261-1262 (9th Cir. 2009). Part two of the test "is to determine whether the trial court's application of the correct legal standard was (1) illogical, (2) implausible or (3) without support in inferences that may be drawn from the facts in the record." *Id.* at 1262 (internal citation omitted). "Normally, the decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Appel*, 211 F.3d 1172, 1176 (9th Cir. 2000)).

### B. Plaintiff's Opening Brief Is Replete With Procedural And Substantive Errors, And Evidences Disregard For Applicable Appellate Rules

As an initial matter, Plaintiff's opening brief is a jumbled and rambling account of the proceedings below and it fails, in many respects, to conform to the

---

[6] While the district court's sanctions order is reviewed for abuse of discretion, its findings of fact are reviewed for clear error. *Lahiri v. Universal Music and Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

rules set forth in the Rules of Appellate Procedure and the Ninth Circuit Rules. The brief also contains other irregularities, such as an incomplete main argument, citations to irrelevant authorities, and references to matters outside the record.[7]

       1.  <u>Plaintiff failed to include in the Excerpts of Record documents which are necessary to the resolution of an issue on appeal</u>

Plaintiff claims the district court erred in awarding sanctions against him in connection with his belated request to extend time to oppose Provident Funding's and Homecomings' motions to dismiss, yet he failed to include the request in the excerpts of record.  O.B., pp. 32-28.  Plaintiff also claims that the district court erred when it took judicial notice of official, publicly-recorded documents submitted by Homecomings in support of its motion to dismiss the First Amended Complaint. O.B., pp. 15; 29-32.  Plaintiff also failed to include those documents in the excerpts of record.

Ninth Circuit Rule 30-1.4 requires that "any…specific portions of any documents in the record that are cited in appellant's briefs and necessary to the resolution of an issue on appeal" be included in the excerpts of record.  Circuit Rule 30-1.4 (a)(xi).  The rule also requires that "where appeal is from the grant or

---

[7] For example, Plaintiff makes references to the Property having been foreclosed. O.B., pp. 3, 14.  However, this is not a part of the record on appeal.  Matters "not a part of the record on appeal…must be stricken." *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir. 1988) (striking declaration that was not part of the record on appeal).

denial of a motion, those specific portions of any affidavits, declarations, exhibits or similar attachments submitted in support of…the motion that are essential to the resolution of an issue on appeal" must be included in the excerpts of record. Circuit Rule 30-1.4 (c)(ii).

Plaintiff's failure to include his application for an extension of time and the judicially noticed documents in the excerpts of record, despite his claim that the district court made reversible errors with respect to these documents, is inexcusable.  Plaintiff should be sanctioned.  *See* Circuit Rule 30-2 ("Sanctions For Failure to Comply With Rule 30-1").

2. <u>Section G of the Opening Brief is fatally incomplete, and the arguments therein should be waived</u>

Plaintiff's argument in Section G of the Opening Brief regarding judicial notice of adjudicative facts is fatally incomplete.  Plaintiff recites authorities governing judicial notice, yet neglects to identify what judicially noticed documents and/or facts are at issue or the basis of any alleged error on the part of the district court.  O.B., pp. 29-32.[8]

Issues must be argued distinctly and specifically in the opening brief or they will be waived.  *Sullivan v. Dollar Tree Stores*, 623 F.3d 770, 776, n.3 (9th Cir.

---

[8] Plaintiff bizarrely discusses the availability of a hearing to develop an evidentiary record in support of "tribal jurisdiction," which is irrelevant to this case. O.B., pp. 31-32.

2010) ("Plaintiff also asserts summarily that the district court erred by disregarding 'several admissions' made by Dollar Tree.... Plaintiff does not specify what facts she believes Dollar Tree 'admitted.' We deem this argument waived.") *See also Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. *We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim....*") (emphasis added). Plaintiff fails to explain what his argument is with respect to the judicially noticed documents. Thus, Plaintiff's "argument" regarding judicial notice should be deemed waived.

### C. The District Court Correctly Concluded That Plaintiff Cannot State A Claim Against Provident Funding For Violation Of RESPA

The district court did not err in holding that Plaintiff could not state a claim for violation of RESPA on the basis that (1) the First Amended Complaint alleged no assignment, sale, or transfer of the servicing of the Homecomings loan necessary to trigger the RESPA notice requirements; and (2) Plaintiff's allegations failed to state a claim for damages under RESPA. ER6-8.

1. There was no assignment, sale or transfer of servicing of the Homecomings loan necessary to trigger RESPA notice requirements

Plaintiff alleges that Provident Funding violated RESPA by failing to inform Plaintiff that the servicing of the Homecomings loan had been assigned, transferred

or sold to Provident Funding.  ER92 (¶¶ 131-132); ER94 (¶¶ 141-142).  Pursuant to RESPA, when the servicing of a "federally related mortgage loan" is transferred, assigned or sold, the servicer "shall notify the borrower in writing…not less than 15 days before the effective date of transfer of the servicing of the mortgage loan." 12 U.S.C. § 2605(b).  The statute also requires that the transferee servicer notify the borrower of the transfer not more than 15 days after the effective date of the transfer of servicing of the mortgage loan.  12 U.S.C. § 2605(c).

However, as the district court noted, there was no transfer, assignment or sale of the servicing of the Homecomings loan to Provident Funding necessary to trigger the RESPA notice requirements.   By Plaintiff's admission, the Homecomings loan was satisfied and the Provident Funding loan, allegedly secured via a fraudulent deed of trust in favor of Provident Funding, was a <u>new loan</u>, separate and apart from the Homecomings loan.  ER76 (¶ 48); *see also* ER91-94( ¶¶ 124; 134-135; 143).  Thus, the district court correctly concluded that Plaintiff cannot state a claim for violation of RESPA notice requirements.  *See, e.g., Manu v. National City Bank of Indiana*, 471 Fed. Appx. 101, 106 (3rd Cir. 2012) ("The RESPA count concerning lack of notice when the servicing of the loan was transferred fails because…the servicing of the mortgage was not transferred.").

19

2.  <u>Plaintiff did not and cannot sufficiently plead actual damages for violation of RESPA</u>

Even if Plaintiff could allege that there was an assignment, sale or transfer of the servicing of the Homecomings loan triggering RESPA's notice requirements, which he cannot, Plaintiff cannot state a claim for damages for violation of RESPA.  Under the statute, "whoever fails to comply" with § 2605(c) is liable to an individual borrower for "*actual* damages…as a result of the failure." 12 U.S.C. § 2605(f)(1)(A) (emphasis added).  Courts routinely hold that in order to survive a motion to dismiss, an individual plaintiff seeking actual damages must allege facts demonstrating actual pecuniary harm resulting from noncompliance with RESPA. *See, e.g., Amaral v. Wachovia Mortgage Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010) ("Absent factual allegations suggesting that Plaintiffs suffered actual damages, Plaintiffs' RESPA claim is insufficiently pled and subject to dismissal."); *Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (dismissing RESPA claim for actual damages where plaintiff failed to sufficiently plead a claim for actual damages); *Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009) (dismissing RESPA claim where plaintiff's damages claim was conclusory and did not amount to factual allegation); *Shepherd v. American Home Mortgage Services Inc.*, No. CIV 209-1916 WBS GGH, 2009 WL 4505925, *3 (E.D. Cal., Nov. 20, 2009) (plaintiff's conclusory allegation that "he has suffered and continues to suffer damages" failed to satisfy pleading

20

requirements under RESPA); *Caravantes v. California Reconveyance Co.*, No. 10CV1407, 2010 WL 4055560, *4 (S.D. Cal., Oct. 14, 2010) (dismissing RESPA claim where plaintiff did not "allege any specific facts sufficient to 'raise his right to relief above the speculative level'").

Plaintiff conclusorily alleges that Provident Funding "cause[d] substantial injuries to plaintiff" and that Plaintiff and the Class have "suffered injury all to their special damage in an amount to be proven at trial." ER93 (¶¶ 135-139). Plaintiff fails to allege *facts* demonstrating that he suffered any actual, pecuniary harm as a result of Provident Funding's purported failure to comply with section 2605(c), and thus he fails to state a claim for actual damages under RESPA. *Amaral*, 692 F. Supp. 2d at 1231-32; *Garcia*, 676 F. Supp. 2d at 909.

In any event, Plaintiff cannot plead actual damages from any alleged failure by Provident Funding to notify Plaintiff of a transfer in servicing. As discussed above, there was no transfer, assignment or sale of servicing of the loan triggering RESPA notice requirements. Even if the requisite transfer of servicing had taken place, the record establishes that Plaintiff was not confused as to who his servicer was. Indeed, Plaintiff admits that he made payments to Provident Funding beginning in late 2004. ER92 (¶ 130). Plaintiff did not experience problems with the loan until February 2011, long after any alleged transfer of servicing took place. ER71 (¶¶ 24-25). As the district court concluded, "Plaintiff cannot argue

21

that the damages incurred [beginning in February 2011] would have been avoided if only he had been told when his payments began to be made to Provident." ER8. Plaintiff cannot plead actual damage due to any alleged failure to notify pursuant to RESPA.

### 3. Plaintiff is not entitled to statutory damages for violation of RESPA

Plaintiff also failed to allege that Provident Funding engaged in a pattern or practice of noncompliance with the notification requirements set forth in section 2605(c) for purposes of recovering statutory damages. RESPA provides for "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [§ 2605(c)], in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1)(B). In the First Amended Complaint, Plaintiff alleges that Provident Funding engaged in the "[u]nauthorized and illegal transfer, assignment or sale of the loan" and "[f]raudulent concealment of transfer of Deed of Trust." ER77 (¶ 51(g) (h)). However, Plaintiff does not allege any failure to notify borrowers of a transfer in servicing of their mortgage loans, as is required for liability under RESPA. *See, e.g., Manu*, 471 Fed. Appx. at 106 (RESPA claim failed where there was a transfer in ownership of the mortgage and not servicing of the mortgage). And for the same reasons discussed above in subsections (1) and (2), Plaintiff failed to state a claim for violation of RESPA because there was no

22

transfer of the servicing of the loan. Therefore, Plaintiff's claim for statutory damages under RESPA fails.

For each of the foregoing reasons, Plaintiff does not and cannot state a claim against Provident Funding for violation of RESPA. Thus, it was proper for the district court to dismiss Plaintiff's RESPA claims without leave to amend. *See, e.g., Leadsinger*, 512 F.3d at 532 (affirming district court's dismissal of complaint on basis that "any amendment would be futile"); *Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998) (the court need not extend the general rule that parties are allowed to amend their pleadings if amendment "would be an exercise in futility").

### D. The District Court Properly Found That Because Provident Funding Is Not A Debt Collector, Plaintiff Failed To State A Claim For Violation Of The FDCPA

The district court was correct in holding that Plaintiff's FDCPA claim fails regardless of whether Provident Funding serviced a loan originated by Provident Funding itself or by Homecomings because (1) "debt collector" does not include a lender who originates and services its own loan; and (2) "a loan servicer is not a debt collector for the purposes of the FDCPA if it acquired the loan before the borrower was in default." ER8-9.

As a matter of law, Provident Funding is not a debt collector as defined in the FDCPA.  "Debt Collector" does not include persons who collect debt "to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person . . ."  15 U.S.C. § 1692a(6)(F); *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2009).  Courts have consistently held that a debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."  *Nool*, 653 F. Supp. 2d at 1053, quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also Caballero v. Ocwen Loan Servicing*, No. C-09-01021 RMW, 2009 WL 1528128 (N.D. Cal. May 29,  2009) (creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are exempt from liability under the [FDCPA]); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) (noting that the legislative history of the FDCPA offers further "support for the proposition that mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector'").

In the First Amended Complaint, Provident Funding is alleged to have been the loan servicer for either a loan originated by Homecomings or a subsequent loan originated by Provident Funding that paid off the Homecomings loan.  ER67 (¶ 9);

24

ER73 (¶ 36); ER94 (¶ 142). To the extent Plaintiff claims that Provident Funding originated the loan, Provident Funding is not a debt collector. 15 U.S.C. § 1692a(6)(F); *Caballero*, 2009 WL 1528128 at *1 ("The FDCPA does not govern efforts by creditors collecting their own debts."). To the extent Plaintiff claims that Provident Funding serviced a loan on behalf of Homecomings, it is clear from the First Amended Complaint that Provident Funding became the loan servicer prior to Plaintiff's default. ER71 (¶¶ 24-27); ER92 (¶ 130); ER103 (¶ 200). Thus, because Provident Funding began servicing the loan prior to Plaintiff's default, Provident Funding is not a debt collector under the FDCPA. 15 U.S.C. § 1692a (6)(F); *Nool*, 653 F. Supp. 2d at 1053.

In his Opening Brief, Plaintiff confirms that he cannot state a claim for violation of the statute.[9] First, Plaintiff argues that Provident Funding is not his lawful lender and thus could not be collecting its own debt; rather, it must be collecting on behalf of another, for example, Homecomings. O.B., pp. 16-17. As established above, in this scenario Provident Funding is not a debt collector because Plaintiff was not in default when Provident Funding began servicing the loan. ER71 (¶¶ 24-27); ER92 (¶ 130); ER103 (¶ 200). Second, Plaintiff inconsistently claims that Provident Funding was not the servicer of Plaintiff's

---

[9] Plaintiff attacks the district court's "claims" regarding the language of relevant provisions of the FDCPA. *See* O.B., pp. 17-18. But the district court quoted directly from the FDCPA and correctly applied the statute to Plaintiff's FDCPA claim. Plaintiff's attacks are baseless.

25

loan.[10]  *See* O.B., p. 18.  But this statement is directly contradicted by the First

Amended Complaint, where Plaintiff acknowledges on multiple occasions that

Provident Funding serviced his loan:

- "Homecomings as lender of the Subject Property had a duty to inform
  Plaintiff 15 days prior to transfer, assignment or sale of Plaintiff's original
  loans to Plaintiff putting him on notice that Provident was the new servicer
  of the Plaintiff's loans."  ER76 (¶ 47); *see also* ER91 (¶122).

- "On or about May 19, 2004, Homecomings assigned, transferred or sold the
  servicing of the Plaintiff to co-defendant Provident or other servicers."
  ER90-91 (¶119); *see also* ER92 (¶130).

- "Provident and other servicers had an obligation pursuant to 12 U.S.C.
  § 2605 (c)(l), c(2)(A) to inform Plaintiff 15 days after the effective date of
  assignment, sale, or transfer of the servicing of the mortgage Loans."  ER92
  (¶131).

- "Provident and other servicers' action have caused and likely to cause
  substantial injuries to Plaintiff and the Class Members."  ER93 (¶136).

---

[10] Plaintiff confusingly argues that he claims "Provident was neither his new
lender, nor a servicer for Homecomings, because by Provident's own admission, it
paid off Homecomings and became the new lender, a hoax, Plaintiff refutes."
O.B., p. 18.  If Plaintiff is suggesting that Provident Funding was the lender, then
as a lender servicing its own loan, Provident Funding is not a debt collector under
the FDCPA.  15 U.S.C. § 1692(a)(6)(F).

26

- Plaintiff has been making mortgage payments to Provident Funding since 2004.  ER103 (¶ 200).

Although Plaintiff contradicts himself throughout his First Amended Complaint and Opening Brief, on numerous occasions he states that Provident Funding serviced his loan and that he had been making payments to Provident Funding since 2004.  The loan was not in default until sometime after Provident Funding began servicing it.  ER71 (¶¶ 24-27); ER92 (¶ 130); ER103 (¶ 200).  As Plaintiff was not in default at the time Provident Funding began servicing his loan, Plaintiff cannot state a claim for violation of the FDCPA.  For each of these reasons, the district court correctly dismissed Plaintiff's FDCPA claim without leave to amend.  *Leadsinger,* 512 F.3d at 532; *Steckman,* 143 F.3d at 1298.

### E. The District Court Did Not Err When It Concluded That Plaintiff Cannot State A Claim For Violation of the Federal Credit Reporting Act

The district court correctly concluded that Plaintiff did not and cannot state a claim for violation of the FCRA because (1) Provident Funding is not a credit reporting agency as defined in the statute for purposes of liability under 15 U.S.C. § 1681e(b) in connection with the alleged failure to "follow reasonable procedures to assure maximum possible accuracy of [Plaintiff's] credit report (ER83 (¶ 75))"; (2) there is no private right of action under 15 U.S.C. § 1681s-2(a) for Provident Funding's alleged adverse report to credit reporting agencies with "retaliatory,

27

false and unlawful" motive (ER84( ¶76)); and (3) Plaintiff did not plead violation

of § 1681s-2(b).  ER9-10.

>    1.  <u>Plaintiff does not take issue with the district court's finding that
>        Provident Funding is not a consumer reporting agency subject
>        to liability under 15 U.S.C. § 1681e</u>

Nowhere in the Opening Brief does Plaintiff take issue with the district

court's conclusion that Plaintiff could not "press his claim against Provident for

violation of § 1681e(b)" because Provident Funding is not a consumer reporting

agency, nor can he.  ER9.  The FCRA applies to consumer reporting agencies or

users of reported information who willfully or negligently violate its provisions.

*See Rush v. Macy's New York, Inc.,* 775 F.2d 1554, 1557 (11th Cir. 1985).  A

"consumer reporting agency" is one that "regularly engages in whole or in part in

the practice of assembling or evaluating consumer credit information or other

information on consumers for the purpose of furnishing consumer reports to third

parties …" 15 U.S.C. § 1681a(f); *Rush,* 775 F.2d at 1557.  The FCRA "impose[s]

requirements upon consumer reporting agencies, rather than mortgage loan

servicers or lending companies who *report* to such agencies."  *Hedman v. Aurora

Loan Services,* No. 2:10-CV-01229, 2010 WL 3784170, at *3 (E.D. Cal.  Sept. 27,

2010) (emphasis in original).  Thus, "liability is limited to consumer reporting

agencies or users of information furnished by consumer reporting agencies….

Parties who do no more than furnish information to a credit reporting agency are

not covered by the federal act." *Id.* (citation and quotations omitted), *see also Rush*, 775 F.2d at 1557 (furnishing information to a credit reporting agency is not enough to constitute a violation of the FCRA); *Mitchell v. First Nat'l. Bank of Dozier,* 505 F. Supp. 176, 177 (M.D. Ala. 1981) ("Parties who do no more than furnish" pertinent information to a credit reporting agency "are simply not covered by…the FCRA.").

In the First Amended Complaint, Plaintiff alleges that Provident Funding is "an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer." ER83 (¶ 71). Plaintiff further alleges that Provident Funding "refuses to remove adverse credit report[s] even though [Provident Funding] has neither standing nor statutory authority to report such negative reports." ER83 ( ¶ 73). Plaintiff claims that Provident Funding's credit reporting violates 15 U.S.C. § 1681e(b). ER83 (¶¶ 72, 75).

Plaintiff's claim for violation of § 1681e(b) fails because Provident Funding is not a consumer reporting agency under the FCRA. In a case where similar allegations were made against loan servicers, the court held that the servicers were not liable under the FCRA. *See Hedman*, 2010 WL 3784170, at *3. First, as discussed above, in *Hedman* the court noted that "furnishing information to a credit reporting agency is not enough to constitute a violation of the FCRA." *Id.*, citing

29

*Rush,* 775 F.2d at 1557; *see also Pedersen v. Greenpoint Mortgate Funding, Inc.*, No. CIV S-11-0642 KJM, 2011 WL 3818560, at *8-9 (E.D. Cal. Aug. 29, 2011). The *Hedman* court also noted that section 1681e(b) "enumerates the circumstances under which consumer reporting agencies may furnish or publish an individual's consumer report.  No duties are imposed on entities that disclose information to consumer reporting agencies[.]" *Hedman*, 2010 WL 3784170, at *3, fn. 6.

The reasoning of *Hedman* applies here.  Since 15 U.S.C. § 1681e(b) applies only to consumer reporting agencies, it does not apply to Provident Funding. Plaintiff admits that Provident Funding is a loan servicer and loan servicers are not consumer reporting agencies under the FCRA.  *See id.*, at *4;   ER67 (¶ 9); ER73-74 (¶¶ 36-38); ER92 (¶ 130); ER103 (¶ 200).  Merely reporting consumer information to consumer reporting agencies, as alleged here (ER83 (¶ 73)), is not sufficient to meet the statutory requirements.  Accordingly, it was proper for the district court to hold that Plaintiff could not state a claim for violation of 15 U.S.C. § 1681e and to dismiss Plaintiff's claim without leave to amend.  *Leadsinger,* 512 F.3d at 532; *Steckman,* 143 F.3d at 1298.

> 2.  <u>Plaintiff concedes that there is no private right of action under 15 U.S.C. § 1681s-2(a)</u>

Plaintiff explicitly concedes that he cannot state a claim for violation of 15 U.S.C. § 1681s-2(a), which imposes a duty on furnishers of credit information to provide accurate information to a credit reporting agency, admitting that no private

30

cause of action exists for violation of the statute.  Plaintiff correctly observes that "[s]ection …15 U.S.C. § 1681s-2(d), further confirms the limitations on enforcement of the provisions of subsection (a) by stating that it 'shall be enforced exclusively under [15 U.S.C. § 1681s] by the Federal agencies and officials and the State officials identified in that section.'" *See* O.B., p. 20.

Thus, Plaintiff can claim no error on the district court's part in concluding that no private cause of action exists for violation of § 1681s-2(a).

### 3.  Plaintiff did not plead a violation of 15 U.S.C. § 1681s-2(b)

Plaintiff argues at length in the Opening Brief (O.B., pp. 18-29) that there is a private right of action for violation of 15 U.S.C. § 1681s-2(b), which imposes duties on furnishers of credit information "upon notice of dispute" from a consumer reporting agency.  *See* O.B., pp. 18-29.  However, the district court did not conclude that there is no private right of action under §1681s-2(b).  Rather, what the district court concluded was that Plaintiff raised an alleged violation of section 1681s-2(b) for first the time in his opposition to Provident Funding's motion to dismiss, and that because the claim was not raised in the First Amended Complaint, it could not save his FCRA claim from dismissal with prejudice. ER10 (n.3).  The district court was correct:  Plaintiff's attempt (and failure) to state a claim for violation of section 1681s-2(b) in his opposition brief cannot save Plaintiff from dismissal pursuant to Rule 12(b)(6).  *Davis v. Powell*, No.

31

10CV1891-CAB RBB, 2012 WL 4754688, *7 (S.D. Cal., Oct. 4, 2012) ("The focus of any Rule 12(b)(6) dismissal ... is the complaint. This precludes consideration of 'new' allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6).") (*quoting Schneider v. California Department of Corrections*, 151 F.3d 1194 (9th Cir. 1998)); *see also Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1182 (S.D. Cal. 2009) (same). The district court did not err in dismissing Plaintiff's Second Cause of Action for violation of FCRA.

Moreover, even if the Plaintiff could allege a claim in his opposition brief, which he cannot, Plaintiff did not state a claim for violation of §1681s-2(b) because he did not allege that Provident Funding received notice of a dispute, a condition precedent to liability under the statute. ER10; SER102. "[T]he duties of a furnisher of information under section 1681s–2(b) are not triggered unless the furnisher receives notice of a dispute from a consumer reporting agency." *Gonzalez v. Ocwen Fin. Services, Inc.*, No. C03-04592 HRL, 2003 WL 23939563, at *2 (N.D. Cal. Dec. 2, 2003) ("[U]nder the plain language of the statute, the duty of a furnisher of credit information to investigate a credit dispute is triggered only after the furnisher receives notice of the dispute *from a consumer reporting agency,* not just the consumer.") (*citing Aklagi v. Nationscredit Fin. Servs. Corp.,* 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002) (quotation marks omitted)). As

Plaintiff did not allege that Provident Funding received a notice of dispute from a consumer reporting agency, Plaintiff failed to state a claim for violation of 1682s-2(b).

### F. The District Court Acted Well Within Its Discretion When It Took Judicial Notice of the Publicly Recorded, Official Records

Plaintiff claims that the district court erred when it took judicial notice of publicly-recorded, official records submitted by Homecomings in connection with its motion to dismiss[11].  O.B., pp. 10, 14-15, 29-32.  Specifically, the district court took judicial notice of grant deeds, deeds of trust, records of reconveyance and a quitclaim deed in ruling on Provident Funding's and Homecomings' motions to dismiss.  ER3; SER0001-0073.  It was proper for the district court to do so.

Pursuant to Federal Rules of Evidence, Rule 201, courts may "judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  F.R.E., Rule 201(b).  Furthermore, courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." F.R.E., Rule 201(c)(2). Finally, courts may take judicial notice of official records without transforming a motion to dismiss into a motion for summary judgment. *See Stengel v. Medtronic*, 676 F.3d 1159, 1167 (9th Cir. 2012) (court can take

---

[11] Plaintiff failed to include the judicially noticed documents in the excerpts of record, in violation of Ninth Circuit Rule 30-1(c)(ii).

\\LA - 098259/000076 - 1046541 v5

judicial notice of documents on motion to dismiss); *Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1064, n. 7 (9th Cir. 1998) (same).

Publicly-recorded, official records such as grant deeds, deeds of trust, records of reconveyance and quitclaim deeds are proper subjects of judicial notice. Indeed, federal courts routinely take judicial notice of these types of documents. *See, e.g., Hotel Employees And Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005) (recognizing that "[a] grant deed is an official record of easily verifiable accuracy," and taking judicial notice of publicly-recorded property deeds and leases); *Maves v. First Horizon Home Loans*, 461 Fed. Appx. 636 (9th Cir. Dec. 15, 2011) (it was proper for district court to take judicial notice of publicly-recorded deed of trust and notice of default); *Allen v. United Financial Mortgage Corp.*, 660 F. Supp. 2d 1089, 1093 (N.D. Cal. 2009) (taking judicial notice of recorded instruments affecting various parties' interest in property).   Therefore, the district court did not err when it took judicial notice of the grant deeds, deeds of trust, records of reconveyance and quitclaim deed.

Moreover, the district court did not, as Plaintiff contends, judicially notice disputed facts in the records.  O.B., pp.  15, 29-32.  On the contrary, the district court expressly noted that while it could take judicial notice of the fact of the records, "the Court may not take judicial notice of any disputed facts stated in

34

them." ER3.   Indeed, while the district court noted that certain of the official records cast doubt on Plaintiff's factual allegations, the district court specified that it assumed the truth of Plaintiff's allegations:   "As noted, for the purposes of the present Motions to Dismiss, the Court assumes the truth of Plaintiff's allegations and tests their legal, rather than factual, sufficiency." ER3; *see also* ER3 ("Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of [Plaintiff's] allegations under Rule 12(b)(6)."). Consistent with its accurate recitation of the applicable law, the district court considered the judicially noticed documents insofar as they were consistent with Plaintiff's factual allegations and disregarded them when there were not. *Compare* ER4 ("Plaintiff appears to concede that his original…loan…was satisfied by a loan issued by Provident.... This fact is supported by two of the documents produced by Homecomings…") *and* ER4 (noting that although both the Provident Funding and Chase deeds of trust were notarized by defendant Panapol, Plaintiff alleges he has never met her, but holding that "for the purposes of the present Motions, the Court will accept as true Mohtadi's allegation that he did not execute a loan agreement with Provident")*.* Thus, the district court acted squarely within the bounds of federal law when it considered the judicially noticed records in connection with the motions to dismiss. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th

Cir. 2001) (while district court could take judicial notice of waiver form, it could not take judicial notice of the validity of waiver, which had not yet been proved).

Finally, Plaintiff claims that the district court erred in denying him a hearing on Homecomings' Request for Judicial Notice. O.B., p. 8. But the district court did not err by not holding a hearing simply because <u>Plaintiff failed to request such a hearing</u>. Federal Rules of Evidence, Rule 201(e) provides that "*[o]n timely request*, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, *on request*, is still entitled to be heard." F.R.E. 201(e) (emphasis added). Accordingly, a hearing on judicial notice is required only where a request for a hearing has been made. Despite having the opportunity to do so in his opposition papers to Homecomings' motion to dismiss the First Amended Complaint, Plaintiff neither specifically objected to Homecomings' Request for Judicial Notice nor did he request a hearing on it. SER117-145.[12] Thus, the district court did not err when it did not hold a hearing regarding the propriety of taking judicial notice of the records. *See, e.g., Maves,* 461 Fed. Appx. 636, *1 (plaintiff "utterly failed to demonstrate an abuse of discretion on the part of the district court" on the basis that it did not hold a hearing on Defendant's request for judicial notice of two publicly-recorded documents).

---

[12] Plaintiff also failed to request a hearing in his papers in opposition to Provident Funding's motion to dismiss the First Amended Complaint. SER076-116.

### G. The District Court Did Not Abuse Its Discretion By Dismissing The Case In Its Entirety As The Court Lacked Subject Matter Jurisdiction Over Plaintiff's Remaining State-Law Claims

It was proper for the district court to dismiss the case in its entirety. In its Order Re: Motions to Dismiss, the court ordered Plaintiff to show cause no later than January 5, 2012, "why the case should not be dismissed, in its entirety, for lack of subject matter jurisdiction." ER13. Plaintiff did not file a response. SER146. On this basis alone, the district court did not abuse its discretion in dismissing the case.

In addition, it was within the district court's discretion to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims following the dismissal of Plaintiff's federal claims. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim…if (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Smith v. Lenches*, 263 F.3d 972, 977 (2001) (court has discretion to decline to exercise supplemental jurisdiction over state law claims following dismissal of federal claims).

The district court correctly noted that it had only supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). ER11. The First Amended Complaint invoked federal question jurisdiction under 28 U.S.C. § 1331

37

but did not invoke diversity jurisdiction. ER69. And although the First Amended Complaint invoked civil rights jurisdiction under 28 U.S.C. § 1343(a)(3) (ER69), the district court was correct in concluding it lacked jurisdiction under that statute because it applies only to actions against state officials. *See Redd v. Lambert,* 674 F.2d 1032, 1035 (5th Cir. 1982) (section 1343(a)(3) "only provides jurisdiction over claims that state officials have violated a constitutional right or a federal statute providing for equal rights.") (*citing Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600 (1979)). *See also* ER11 (n.5). As Plaintiff's federal claims had been dismissed, the district court did not abuse its discretion by declining to retain jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3); *Smith*, 263 F.3d at 977.

Moreover, the district court was *required* to dismiss the action for lack of subject matter jurisdiction. Pursuant to Federal Rules of Civil Procedure, Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action." F.R.C.P. 12 (emphasis added). Given that the only proper basis for jurisdiction invoked in the First Amended Complaint, federal question, failed with the dismissal of Plaintiff's federal claims,

the district was without jurisdiction to maintain the action. Thus, dismissal of the entire action was proper.[13]

### H. District Court Did Not Abuse Its Discretion In Awarding Sanctions Against Plaintiff For His Bad Faith, Unreasonable And Vexatious Conduct

The district court did not abuse its discretion by ordering Plaintiff to pay, as sanctions, Provident Funding's cost of opposing Plaintiff's untimely and improper *ex parte* application for an extension of time to oppose Provident Funding's motion to dismiss. ER11-13.

#### 1. Sanctions were proper

The district court issued sanctions against Plaintiff on its own initiative pursuant to Federal Rule of Civil Procedure, Rule 11 and 28 U.S.C. § 1927. ER11-13.

Rule 11 provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[13] Plaintiff argues that the district court erred by failing to remand the action. O.B., p. 8. This argument is nonsensical as the case was originally filed in federal court. There was no removal of the action from state court. ER109-118.

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the…legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

F.R.C.P. 11(b).

Rule 11 is aimed at curbing baseless filings that abuse the judicial system and burden courts and parties with needless expense and delay. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397-98 (1990). The individual signing the document certifies that he "has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Business Guides, Inc. v. Chromatic Comm. Enterprises, Inc.*, 498 U.S. 533, 542 (1991). Thus, Rule 11 imposes on each attorney an affirmative duty to conduct a reasonable inquiry into the viability of a pleading before it is signed. F.R.C.P. 11(b). If he does not do so, he "shall be penalized by an appropriate sanction." *Cooter*, 496 U.S. at 393. A claim of mistake will not suffice to avoid Rule 11 sanctions. *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) ("[C]ounsel [cannot] avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.").

Under section 1927, a court may require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy the

40

"excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under section 1927 are assessed upon a subjective finding of bad faith. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). "Knowing or reckless conduct" constitutes bad faith. *Id.*

Before assessing sanctions, the district court provided Plaintiff and his counsel the opportunity to show cause why he should not be sanctioned in connection with the improper *ex parte* application. ER28. After considering Plaintiff's response to the order to show cause and declarations submitted by Provident Funding and Homecomings, the district court found the following:

- Plaintiff did not request an extension to file his oppositions to Provident Funding's and Homecomings' motions to dismiss until after the deadline to file oppositions had passed (ER12);

- Plaintiff did not comply with the procedural and substantive requirements for *ex parte* applications, and did not even attempt to explain why he failed to file a timely motion for extension (ER12);

- Plaintiff's conduct was intentional and in bad faith given Plaintiff's failure to comply with <u>all</u> requirements for *ex parte* applications, namely, timeliness, procedural propriety, and substantive merit, and

41

Plaintiff's subsequent failure to comply with Central District Local

Rules with respect to his opposition briefs (ER12);

- Plaintiff's conduct was "unreasonable and vexatious" (ER12) and;

- Provident Funding was prejudiced by Plaintiff's conduct because it

incurred costs and fees totaling $1,617.00 when it opposed Plaintiff's

untimely application (ER12).

Based on these findings, which are fully supported by the record (ER11-13;

ER14-20; ER21-23; ER26-28; SER074-075), the district court was well within its

discretion in awarding sanctions under Rule 11 and section 1927. [14] *See, e.g.,*

*Smith*, 31 F.3d at 1488 (Rule 11 sanctions were not issued in error where counsel

improperly re-noticed a motion; claim of mistake was unavailing); *Lloyd v.

Schlag,* 884 F.2d 409, 413 (9th Cir. 1989) (good-faith mistake of law or

carelessness of counsel does not provide parties refuge against Rule 11 sanctions);

*Pacific Harbor,* 210 F.3d at 1119 (section 1927 sanctions appropriate even if

attorney could not hear TRO proceedings; failure to seek clarification was "highly

reckless at best"); *U.S. v. Blodgett,* 709 F.2d 608, 610 (9th Cir. 1983) (district court

---

[14] The many cases Plaintiff cites in his Opening Brief are inapposite. O.B., pp. 32-
35.  Plaintiff also incorrectly asserts that Tenth Circuit (opposed to Ninth Circuit)
precedent is controlling.  O.B., p. 36.

42

had power to sanction counsel under section 1927 for filing frivolous appeal solely for purposes of delay).

### 2.  The amount of sanctions were reasonable

The district court assessed sanctions in the amount of $1,617.00, which equals Provident Funding's costs of opposing Plaintiff's improper *ex parte* application.  ER13.   The order was based upon a declaration submitted by counsel, in which he detailed, under penalty of perjury, the tasks accomplished and the time spent on the respective tasks.  ER21-23.

Section 1927 authorizes sanctions totaling "excess costs, expenses, and attorneys' fees reasonably incurred" due to the sanctionable conduct.   The statute is not, unlike Rule 11, tempered by a requirement that only the minimum amount necessary to deter conduct be awarded, as it serves a compensatory, rather than deterrent, purpose.  *See, e.g., Shales v. General Chauffeurs*, 557 F.3d 746, 748-749 (7th Cir. 2008) (refusing to reduce sanctions award based on inability to pay because § 1927 is "a real fee-shifting law," and an award under the statute is "compensatory, not punitive").  As the district court awarded only those amounts reasonably incurred as a direct result of Plaintiff's and his counsel's sanctionable conduct, as established by sworn declaration, there can be no error in the district court's order.  *See, e.g., Lahiri*, 606 F.3d at 1222 (upholding sanctions award that

43

was explicitly limited to excess costs and fees incurred by appellee in connection with appellant's improper conduct).

## VII.    CONCLUSION

For all of the foregoing reasons, the district court's Order Dismissing Case and Order Re: Motions To Dismiss should be affirmed.

Respectfully submitted,

Dated:  December 13, 2012          HOGAN LOVELLS US LLP


By:   /s/ Neil R. O'Hanlon
          Neil R. O'Hanlon
          Asheley G. Dean
          Attorneys for Defendant-Appellee
          Provident Funding Associates, L.P.

44

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Ninth Circuit Rule 28-2.6, Defendant-Appellee Provident

Funding Associates, L.P. states that it is not aware of any related case pending in

this Court.


Dated:  December 13, 2012                    HOGAN LOVELLS US LLP


                                             By:   /s/ Neil R. O'Hanlon
                                                    _____
                                                   Neil R. O'Hanlon
                                                   Asheley G. Dean
                                                   Attorneys for Defendant-Appellee
                                                   Provident Funding Associates, L.P.

45

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 10,150 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in size 14 font, Times New Roman.

Dated:  December 13, 2012          HOGAN LOVELLS US LLP


By:  /s/ Neil R. O'Hanlon
        Neil R. O'Hanlon
        Asheley G. Dean
        Attorneys for Defendant-Appellee
        Provident Funding Associates, L.P.

46

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2012, I electronically filed the

foregoing Answering Brief of Defendant-Appellee with the Clerk of the Court for

the United States Court of Appeals for the Ninth Circuit using the CM/ECF

system.  Participants in the case who are registered CM/ECF users will be served

by the appellate CM/ECF system.   I further certify that some of the participants in

the case are not registered CM/ECF users.  I have mailed the foregoing document

by First-Class Mail, postage prepaid to the following non-CM/ECF participants:

Vipan K. Bhola
BHOLA & ASSOCIATES
Suite 940
21550 Oxnard Street
Woodland Hills, CA 91367
*Attorneys For Appellant, Marwan Mohtadi*

Christopher G. Weston, Esquire
WESTERN LAW CONNECTION CORPORATION
Suite 615
4311 Wilshire Boulevard
Los Angeles, CA 90010
*Attorneys For Appellant, Marwan Mohtadi*

Spirat Panapol  (Defendant-Appellee)
1318 Rae Anne Drive
Concord, CA  94520
*Pro Se*

Alycia Kheoim Arjaree (Defendant-Appellee)
976 Calle Verde
Martinez, CA  94553
*Pro Se*

47

Neighborhood Real Estate Solutions (Defendant-Appellee)
976 Calle Verde
Martinez, CA  94553
*Pro Se*


Dated:  December 13, 2012                HOGAN LOVELLS US LLP


                                         By: /s/ Neil R. O'Hanlon
                                         _____
                                              Neil R. O'Hanlon
                                              Asheley G. Dean
                                              Attorneys for Defendant-Appellee
                                              Provident Funding Associates, L.P.

\\LA - 098259/000076 - 1046541 v5